UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGE M. HOGANS, on behalf of himself
individually and as class representative,

                Plaintiff,

   - against -

MARK BURNETT PRODUCTIONS, INC., d/b/a
ARCHIE WORLDWIDE, INC. and ENTERTAINMENT
PARTNERS, INC.,

                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

     Plaintiff, GEORGE M. HOGANS, on behalf of himself individually and as class representative, by and through his attorneys, Leeds, Morelli & Brown, P.C., complaining of the Defendants, alleges, upon knowledge as to himself and his own actions and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

     Behind the scenes at the reality television show, "The Apprentice," there was more than production going on. Hanging on the fourth floor, just steps from the boardroom seen each week on national television was a particularly disturbing site – a noose (Photograph attached as Exhibit "A"). The minority employees were shocked and disappointed that their fears and concerns of being discriminated against were so obviously correct. After years of subtle but continuous denials of advancement, the Black and Hispanic employees were forced to endure a hostile work environment as well.

1

George Hogans, an African American male has watched the White employees who began with him in transportation move up the ranks on the set of The Apprentice. Specifically, while he and other Black and Hispanic employees made their interest in advancement known, it was the White employees who were actually able to get into production. The minority employees are good enough to drive cars and lug heavy equipment, but are not good enough to be driven or operate the equipment they are responsible for.

## **NATURE OF THE CASE**

1. This class action seeks declaratory, injunctive, and monetary relief against Defendants for conspiring to and engaging in, fostering and/or condoning a pattern and practice of discrimination. Defendants hire predominately Black and Hispanic workers in mainly support staff functions. These workers are prevented from advancing their careers. In contrast, the few White employees that Defendants hire to perform these menial tasks are quickly promoted.

2. This class is represented by George Hogans who was denied advancement, subjected to a hostile work environment, and retaliation based on his color, race and/or good faith opposition to discriminatory practices.

3. The conduct suffered by Mr. Hogans is part of the Defendants' continuing pattern and practice of civil rights violations, discrimination, and other unlawful conduct against Black and/or Hispanic individuals who are employed to work on the set of The Apprentice.

4. These specific, racially motivated abuses giving rise to this class action constitute an ongoing pattern and practice that has occurred and is continuing to occur in this workplace.

## JURISDICTION & VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 1343 and 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events and omissions giving rise to this action occurred in this district, and because Defendants have corporate offices, can be found, and conduct business in this district.

## PARTIES

7. Plaintiff, George M. Hogans, is a Black male who resides in Kings County, New York.

8. Defendant, Mark Burnett Productions, Inc., d/b/a Archie Worldwide, Inc., is a foreign corporation doing business in the State of New York, with its principal place of business at PMB 208, 9899 Santa Monica Blvd., Beverly Hills, CA 90212.

9. Defendant, Entertainment Partners, Inc., is a foreign corporation doing business in the State of New York, with its principal place of business at 2835 North Naomi Street, Second Floor, Burbank, CA 91504.

## ALLEGATIONS OF NAMED PLAINTIFF AND CLASS REPRESENTATIVE

10. In or about September 2004, Plaintiff applied for a position with Defendants.

11. Upon hiring, Plaintiff expressed an interest in a position in Production and/or Direction. Plaintiff was hired, however, as a Driver/Night Coordinator in or about September 2004.

12. Plaintiff was assigned to the Defendants' Transportation Department.

13. From the outset, Plaintiff noticed that the majority of White employees hired by Defendants worked in Production and/or Direction, or held supervisory positions in various departments.

14. Upon information and belief, numerous Black and/or Hispanic employees were also steered into lower level positions, particularly in the Transportation Department.

15. Soon after starting in his position as a Driver, Plaintiff again inquired about his ability to work in Production.

16. It became evident that such a move would be next to impossible for Plaintiff as those positions were predominantly reserved for White employees.

17. Those White employees hired into support positions are rapidly advanced into supervisory and/or Production and Direction positions.

18. Said positions offer greater pay, benefits, and opportunity.

19. Positions in Production and Direction are not posted. Rather, candidates are hand selected by management.

20. Upon information and belief, over a period of seasons, countless Black and/or Hispanic employees have resigned or been terminated as a result of denial of advancement, failure to hire, and/or complaints regarding same.

21. Compounding this pattern and practice of racial discrimination, Defendants permit and foster a racially segregated workforce and symbols of racial intolerance and hatred.

22. In or about March 2005, a hangman's noose was placed in open view in the workplace.

23. The noose was located on the fourth floor of Trump Towers.

24. Upon information and belief, the area in which the noose was displayed was frequented by various employees, management, executives, and security officers.

25. Upon information and belief, the noose was in open view in this area for a period of at least two months.

26. Upon information and belief, the noose was not utilized as a prop on The Apprentice or any other Mark Burnett Production.

27. Upon information and belief, Plaintiff, and other employees of Defendants, made open comments regarding the offensive nature of this noose towards Black employees.

28. At no time did Defendants take any action to remove the noose and notify employees that such activity was against their policy and punishable by discipline and/or termination.

29. Rather, by their inactions, Defendants condoned and fostered a racially hostile work environment.

30. Furthermore, in response to complaints regarding denial of advancement and/or the presence of the noose, Black and/or Hispanic employees, including Plaintiff, are disciplined, harassed, or terminated.

## CLASS ACTION ALLEGATIONS

31. Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

32. Mr. Hogans brings this class action on his own behalf and on behalf of a class of Black and/or Hispanic persons who have been or are denied promotion, subjected to a hostile work environment, retaliation, and are subjected to Defendants' continuing pattern and practice of unlawful conduct on the basis of their race, national origin, ethnicity and/or color employed

by Defendants working on The Apprentice (the "Class") and/or such other definition of the Class as may be asserted following discovery.

33. This class action is brought pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure (hereinafter "Rule 23").

34. The pattern and practice of civil rights violations and discrimination alleged in this Complaint has been carried out by employees and agents of Defendants acting within the scope of their employment and upon the authority, directions, instructions, and/or with the knowledge, acquiescence, and ratification of Defendants and others.

35. Defendants' pattern and practice constitutes a continuing violation of the rights of Plaintiff and the members of the Class, and are ongoing.

36. The number of Class members affected by Defendants' unlawful policies and practices is so numerous as to make joinder of all members impracticable. The number of Class members is incapable of precise determination at this time, but is significant and satisfies the numerosity requirement of Rule 23.

37. There are questions of law and fact that are common to the Class and that affect the rights of all members of the Class. These common questions of law and fact predominate over any questions solely affecting any individual.

38. Among the questions of law and fact common to the Class are: (a) whether the policies, practices and actions of Defendants denied Class members the right, on the basis of their race, national origin, ethnicity and/or color, to make and enforce contracts, including the right to enjoy all of the benefits, privileges, terms and conditions of a contractual relationship as is available to White citizens, in violation of 42 U.S.C. § 1981; (b) whether Defendants' policies, practices, and actions denied Class members the full and equal benefit of all laws and

proceedings for the security of persons and property as is enjoyed by White citizens, in violation of 42 U.S.C. § 1981; (c) whether Defendants' actions were in violation of New York State Executive Law, Human Rights Law, § 290 *et. seq.*; (d) whether Defendants' actions were in violation of New York City Human Rights Law, N.Y.C. Admin. Code Title 8; and (e) whether Defendants' actions were in violation of the California Fair Employment and Housing Act, Government Code §§ 12940, *et. seq.*

39. Mr. Hogans' claims are typical of the claims of the members of the Class.

40. Mr. Hogans will fairly and adequately represent the interests of the Class and has retained skilled and competent counsel who are experienced in class action litigation.

41. Defendants acted on grounds generally applicable to the Class, as described above, making final injunctive and declaratory relief appropriate.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. There will be no difficulty in the management of this action as a class action.

43. The conduct engaged in, authorized, directed, acquiesced in and/or ratified by Defendants and their employees and agents, as described above, manifests Defendants' Class-wide civil rights violations and discrimination. Through these actions, Defendants denied Class members, on the basis of their race, national origin, ethnicity and/or color, the right to make and enforce contracts, including the right to enjoy all of the benefits, privileges, terms and conditions of a contractual relationship, on the same basis as White citizens; denied Class members the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by White citizens and denied Class members the same right enjoyed by White citizens to hold and maintain property.

44. Through the actions described above, Defendants acted knowingly, intentionally, maliciously, and/or with willful, wanton, and reckless disregard for the federally protected civil rights of Class members.

45. Defendants' actions, as described above, constitute a continuing violation and have been an ongoing pattern and practice of unlawful conduct against Class members. Defendants knew or should have known that their actions, as described above, were in violation of law.

46. As a proximate result of the actions of Defendants, their agents, and their employees, as described above, Class members have suffered and continue to suffer irreparable loss and injury, including, but not limited to, economic loss, mental anguish, emotional pain and suffering, humiliation, embarrassment, physical and emotional distress, feelings of paranoia and distrust, depression, low self-esteem, sleep deprivation, anxiety, loss of enjoyment of life, interference with life's daily activities and a deprivation of their civil rights. For these injuries, members of the Class will be seeking compensatory damages to the fullest extent permitted under the law.

47. Because Defendants acted knowingly, intentionally, maliciously and/or with willful, wanton and reckless disregard for the Class members and/or their federally protected rights, members of the Class also will be seeking punitive damages.

### COUNT ONE

**(Violation of 42 U.S.C. Section 1981)**

48. Each allegation contained in paragraphs 1 through 47, inclusive, is hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

49. By the actions described above, among others, Defendants denied Mr. Hogans and Class members, on the basis of their race, national origin, ethnicity and/or color, the same right to make and enforce contracts, including the enjoyment of all benefits, privileges, terms, and conditions of a contractual relationship as is enjoyed by white citizens of the United States, in violation of 42 U.S.C. § 1981.

50. As a result of Defendants' conduct, Mr. Hogans and Class members have suffered and continue to suffer injuries and damages.

## COUNT TWO

### (Violation of 42 U.S.C. Section 1981)

51. Each allegation contained in paragraphs 1 through 47, inclusive, is hereby repeated, realleged and incorporated by reference, as if fully set forth herein.

52. By the actions described above, among others, Defendants denied Mr. Hogans and Class members, on the basis of their race, national origin, ethnicity and/or color the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, in violation of 42 U.S.C. § 1981.

53. As a result of Defendants' conduct, Mr. Hogans and Class members have suffered and continue to suffer injuries and damages.

## COUNT THREE

### (Violation of New York State Human Rights Law)

54. Each allegation contained in paragraphs 1 through 47, inclusive, is hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

55. By the actions described above, among others, Defendants subjected Mr. Hogans and Class members to discrimination on the basis of their race, national origin, ethnicity and/or color in violation of the New York State Executive Law, Human Rights Law, § 290 *et. seq.*

56. Defendants' discriminatory and retaliatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiffs to suffer humiliation, embarrassment, and emotional distress.

57. As a result of Defendants' conduct, Mr. Hogans and Class members have suffered and continue to suffer injuries and damages.

## COUNT FOUR

### (Violation of New York City Administrative Code)

58. Each allegation contained in paragraphs 1 through 47, inclusive, is hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

59. By the actions described above, among others, Defendants subjected Mr. Hogans and Class members to discrimination on the basis of their race, national origin, ethnicity and/or color in violation of the New York City Human Rights Law, N.Y.C. Admin. Code Title 8.

60. Defendants' discriminatory and retaliatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiffs to suffer humiliation, embarrassment, and emotional distress.

61. As a result of Defendants' conduct, Mr. Hogans and Class members have suffered and continue to suffer injuries and damages.

## COUNT FIVE

### (Violation of California Fair Employment and Housing Act)

62. Each allegation contained in paragraphs 1 through 47, inclusive, is hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

63. By the actions described above, among others, Defendants subjected Mr. Hogans and Class members to discrimination on the basis of their race, national origin, ethnicity and/or color in violation of the California Fair Employment and Housing Act, Government Code §§ 12940, *et. seq.*

64. Defendants' discriminatory and retaliatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiffs to suffer humiliation, embarrassment, and emotional distress.

65. As a result of Defendants' conduct, Mr. Hogans and Class members have suffered and continue to suffer injuries and damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays that the Court grant them relief as follows:

(a) Certify this case as a class action under Rule 23;

(b) Enter a declaratory judgment finding that the actions of Defendants alleged in this Complaint violate 42 U.S.C. § 1981; New York State Executive Law, Human Rights Law, § 290 *et. seq*; New York City Human Rights Law, N.Y.C. Admin. Code Title 8; and California Fair Employment and Housing Act, Government Code §§ 12940, *et. seq.*;

(c) Enter a permanent injunction enjoining Defendants from continuing to engage in the civil rights violations, discrimination, and other unlawful conduct alleged in this Complaint;

(d) Enter a permanent injunction directing that Defendants take all affirmative steps necessary to remedy the effects of the civil rights violations, discrimination, and other unlawful conduct alleged in this Complaint and to prevent repeated occurrences in the future;

(e) Award compensatory damages in an amount that would fully compensate Mr. Hogans and other Class members, plus prejudgment interest, for the economic loss, mental anguish, emotional pain and suffering, humiliation, embarrassment, physical injury, emotional distress, feelings of paranoia and distrust, depression, low self-esteem, sleep deprivation, loss of enjoyment of life and interference with life's daily activities, as well as continued stress caused by Defendants' violations of the law alleged in this Complaint, in an amount that would effectively deter Defendants from future civil rights violations, other unlawful behavior, in an amount to be determined at trial;

(g) Award Mr. Hogans and other Class members their reasonable attorneys' fees and costs of this action; and

(h) Order all other relief deemed just and equitable by the Court.

Dated: Carle Place, NY
May 19, 2005

        Respectfully submitted,

        LEEDS MORELLI & BROWN, P.C.
        *Attorneys for Plaintiff*
        One Old Country Road, Ste. 347
        Carle Place, NY 11514

        By: /s/
        Lenard Leeds (LL-2255)
        James Vagnini (JV-2163)
        Sara Wyn Kane (SK-6390)